UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ARACELY HERNANDEZ,

        Plaintiff,

   v.

COFFEE CREEK CORRECTIONAL;
CPL. KIDWELL; C/O KIRSCHMANN;
C/O BLAIR; CPL. MOODY; SERGEANT
JANE AND JOE DOE,

        Defendants.

_____

Case No. 3:18-cv-01763-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

       Plaintiff, an inmate at the Coffee Creek Correctional Facility (CCCF), filed suit under 42 U.S.C. § 1983. Plaintiff alleges that defendants failed to protect her from assault by another inmate and used excessive force against her through the use of pepper spray. Defendants now move for summary judgment, primarily on grounds that plaintiff failed to exhaust her administrative remedies under the Prison Litigation Reform Act (PLRA). For the reasons explained below, defendants' motion is granted in part and denied in part.

1   - OPINION AND ORDER

DISCUSSION

Plaintiff's claims arise from an assault committed on October 12, 2016, by inmate Ashley Dooley in the CCCF showers. Plaintiff alleges that Dooley previously expressed animosity towards her and pushed her down the stairs, and plaintiff had informed CCCF officers Blair, Moody, and Kirschenman of these facts before Dooley assaulted her in the shower. Plaintiff also alleges that Cpl. Kidwell unnecessarily deployed pepper spray against her after Dooley's assault, and that defendants' actions violated the Prison Rape Elimination Act (PREA). Plaintiff seeks compensatory damages and injunctive relief. Compl. at 6.

Defendants move for summary judgment on grounds that plaintiff failed to exhaust her administrative remedies, she cannot bring a cause of action under PREA, and CCCF is immune from suit. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the PLRA, inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison

administrative process before a prisoner files suit. *Woodford v. Ngo,* 548 U.S. 81, 85, 93-95 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam).

Although the exhaustion requirement is mandatory, it is not absolute. If the defendant shows that an inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010*)* (explaining that the PLRA does not require exhaustion when administrative remedies are "effectively unavailable"). This burden is met when the prisoner shows that he or she took "reasonable and appropriate steps," but prison officials nonetheless prevented or interfered with the prisoner's attempts to exhaust. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

At the time of the events in question, the Oregon Department of Corrections (ODOC) employed a three-step grievance and appeal process. Inmates could file grievances for numerous issues, including "unprofessional behavior or action which may be directed toward an inmate by an employee" of ODOC. *See former* Or. Admin. R. 291-109-0140(2)(c). Generally, the inmate was required to file a grievance within thirty days of the alleged condition or incident. *Id.* 291-109-0150(2). Upon its receipt, the grievance coordinator date-stamped and recorded the grievance number in an inmate grievance log. *Id.* 291-109-0160(1). If a grievance was returned to the inmate on procedural grounds, the inmate could resubmit the grievance within fourteen days if the procedural errors could be corrected. *Id.* 291-109-0160(5). If a grievance was accepted, the inmate could appeal a response to the grievance within fourteen days from the date the response was sent to the inmate. *Id.* 291-109-0170(1)(b). If the initial appeal was denied, the inmate could file a second appeal within fourteen days from the date the denial was sent to the

3    - OPINION AND ORDER

inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal was final. *Id.* 291-109-0170(2)(f).

Defendants maintain that plaintiff failed to submit acceptable grievances regarding the alleged failure to protect her from Dooley and Cpl. Kidwell's excessive use of pepper spray. Instead, plaintiff submitted grievances regarding these incidents in August and September 2018, almost two years later. Arrington Decl. ¶¶ 16-25. These grievances were denied because they were untimely or plaintiff had filed a Notice of Tort Claim regarding the underlying claim. *Id.* ¶¶ 16-25 & Exs. 5-9; *see former* Or. Admin R. 291-109-0140(3)(g) (providing that an inmate cannot grieve claims "for which the inmate has filed a Notice of Tort"). Based on this evidence, defendants have shown that plaintiff did not exhaust the available ODOC grievance process. Accordingly, the burden shifts to plaintiff to show that something in her particular case "made the existing and generally available administrative remedies effectively unavailable" to her. *Albino*, 747 F.3d at 1172.

In response to defendants' motion, plaintiff presents inmate copies of grievances she allegedly submitted on October 28, 2016 and November 7, 2016. In these grievances, plaintiff complains that defendants failed to protect her from assault by Dooley and that Officer Kidwell used excessive force against her after Dooley's assault in the shower. Pl.'s Decl. Atts. 4, 6. Plaintiff maintains that she never received a response to these grievances and her failure to complete the grievance process should be excused.

As defendants emphasize, the grievance copies submitted by plaintiff do not contain date stamps indicating that they were received. However, the copies plaintiff provided are inmates copies (per their color, "goldenrod"), and it is not clear whether inmate copies of grievances would reflect date stamps. *Id.* Defendants also point out that plaintiff submits no evidence that

4    - OPINION AND ORDER

these grievances were received or that she inquired about the lack of response, despite her familiarity with the grievance process. Notably, the grievances plaintiff filed in 2018 made no mention of prior grievances regarding the incidents in question; they instead indicated that plaintiff filed PREA complaints, tort claims, and police reports. *See* Arrington Decl. Ex. 5 at 2, Ex. 6 at 2, Ex. 7 at 1, Ex. 8 at 2.

Nonetheless, at this stage of the proceedings this Court must construe all inferences in favor of plaintiff, and she presents documents raising the inference that she attempted to grieve the § 1983 claims alleged in her Complaint. Ultimately, whether plaintiff actually submitted timely grievances is an issue for the relevant trier of fact and cannot be resolved on summary judgment.

Defendants also move for summary judgment on plaintiff's apparent PREA claim and all claims against CCCF. There is no private cause of action under PREA, and CCCF is immune from suit for damages in federal court. *Pope v. Oregon Dep't of Corr.*, 2012 WL 1866601, at *4 (D. Or. May 22, 2012) ) ("To the extent plaintiff is asserting a violation of PREA, there is no private right of action."); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (stating that state entities are not "persons" for purposes of a § 1983 civil rights action and are immune from suit in federal court). Accordingly, defendants' motion is granted with respect to these claims.

Finally, defendants argue that plaintiff's requested injunctive relief should be denied because it is neither narrowly drawn nor the least intrusive means to correct the alleged constitutional violation. *See* 18 U.S.C. § 3626(a)(1)(A). Until plaintiff establishes a violation of her constitutional rights, I am not inclined to consider whether the requested injunctive relief is an appropriate remedy.

<u>CONCLUSION</u>

For the reasons explained above, defendants' Motion for Summary Judgment (ECF No. 33) is GRANTED with respect to plaintiff's PREA claim and all claims against CCCF. The motion is DENIED in all other respects.

Discovery shall be completed and further dispositive motions shall be filed by February 22, 2021.

DATED this 24th day of November 2020.


           s/Mustafa T. Kasubhai
           MUSTAFA T. KASUBHAI
           United States Magistrate Judge