UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ARACELY HERNANDEZ, | Case No. 3:18-cv-01763-MK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COFFEE CREEK CORRECTIONAL; CPL. KIDWELL; C/O KIRSHMANN; C/O BLAIR; CPL. MOODY; and SERGEANT JANE AND JOE DOE, | |
| Defendants. | |

KASUBHAI, Magistrate Judge:

Plaintiff Aracely Hernandez ("Plaintiff"), an adult in custody ("AIC") at the Coffee Creek Correctional Facility, filed suit under 42 U.S.C. § 1983. Plaintiff alleges that Defendants used excessive force against her, failed to protect her from assault by another AIC and failed to provide adequate medical care and treatment to her after the assault. Defendants now move for summary judgment arguing that that Plaintiff cannot establish the necessary elements to prevail on any of

1   - OPINION AND ORDER

her claims, and that they are otherwise entitled to qualified immunity. For the reasons explained below, Defendants' motion is granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff alleges she was physically and sexually assaulted by AIC Ashely Dooley in the shower on October 12, 2016. Compl. at 4 (ECF No. 2). Plaintiff states that during the assault, she fell to the shower stall floor, fought back by "scooting backwards" against the wall and pushing Dooley's arms "outwards away," and yelled "rape" repeatedly. *Id*. Dooley then began "punching [Plaintiff] in the face, grabbed Plaintiff by the hair and began pounding Plaintiff's head against the wall." *Id*. At that point, prison officials came running in and ordered the two to stop fighting. *Id*. Plaintiff claims Dooley, who was fully clothed, "surrendered outside the shower stall," and was handcuffed. Compl. at 4-5. Plaintiff states that she was "left sitting naked inside the shower stall," when Defendant Kidwell "opened the shower curtain and pepper sprayed [her]." *Id*.

Plaintiff was told to get dressed and was taken to segregation where she was given a decontamination shower. *Id*. at 5. Plaintiff alleges that she called the Prison Rape Elimination Act ("PREA") hotline to report that she had been sexually assaulted and was in "excruciating pain." *Id*. Plaintiff developed blisters from the pepper spray in her arm pits, under her breasts, c-section, genitalia, and anus. *Id*. She also had bruises, scratches and burning inside her vagina. *Id*.

Plaintiff alleges that she requested but was denied medical attention and a rape examination. Compl. at 5-6. Plaintiff states she reported the rape within 96 hours but was ignored. *Id*. at 6. Plaintiff alleges that she was eventually seen by a nurse nine days after the assault who told her that the prison did not have rape kits on site. *Id*. Despite spending nearly 30 days in segregation and being issued a disciplinary report, all charges against Plaintiff were dropped. *Id*.

Plaintiff alleges that, in the three days leading up to the assault, Dooley harassed and bullied her in front of prison officials. Specifically, Plaintiff states that Dooley threw Plaintiff's food tray to the floor and that Defendant Blair witnessed the incident. Compl. at 5; Spooner Decl. Ex. 1 at 5 (ECF No. 96). Plaintiff alleges Dooley broke her glasses and threw them in the garbage, which Defendant Moody either saw or was told about. Compl. at 5; Spooner Decl. Ex. 1 at 5-6. Finally, on the day of the assault, Plaintiff alleges Dooley kicked her in the back as she was going down the stairs. Compl. At 5; Spooner Decl. Ex. 1 at 6. Plaintiff reported the incident to Defendant Kirschenman who said she would "check [the] video footage." *Id*.

## LEGAL STANDARD

To prevail on a motion for summary judgment motion, the moving party must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). In civil actions brought by a *pro se* plaintiff, the court construes the pleadings liberally. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

## DISCUSSION

Defendants argue they are entitled to summary judgment because Plaintiff's claims that Defendants failed to investigate and prosecute are not cognizable under § 1983. Defendants also argue that Plaintiff cannot establish her Eighth Amendment claims and that they are entitled to qualified immunity.

   1. *Failure to Investigate and Prosecute*

To the extent that Plaintiff alleges Defendants failed to properly investigate and prosecute the alleged assault, Defendants argue they are entitled to summary judgment because any such

claims are not cognizable under 42 U.S.C. § 1983. In response, Plaintiff states that "it is the duty of the defendants to protect plaintiff's rights," including her "rights as a victim." Pl.'s Resp. in Opp'n at 14 (ECF No. 115). However, "[t]here is no statutory or common law right, much less a constitutional right, to investigation." *Fisher v. Smith*, 2008 WL 11409586, at *5 (C.D. Cal. Mar. 24, 2008) (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)). Moreover, it has long been established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Graves-Bey v. City & Cnty. of San Francisco*, 669 Fed. Appx. 373, 374 (9th Cir. 2016) (private plaintiff "lacks standing to compel investigation or prosecution of another"). Accordingly, Defendants are entitled to summary judgment as a matter of law as to these claims.

  2. *Eighth Amendment Claims*

Defendants argue Plaintiff has failed to establish her Eighth Amendment claims that they used excessive force against her, that they failed to protect her from Dooley's assault and that they provided inadequate medical care to her after the assault. To state a claim under the Eighth Amendment, Plaintiff must plead facts to plausibly suggest that Defendants: (1) exposed her to a substantial risk of serious harm; and (2) did so with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994).

  a. Excessive Force

The core judicial inquiry for determining whether prison officials have violated the Eighth Amendment by using excessive physical force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). To make this determination, a court may evaluate the need for application of force, the relationship between that

need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id*. at 6-7.

Here, Defendants contend that Kidwell's use of pepper spray was reasonable because Kidwell deployed pepper spray after giving two orders to stop fighting in an attempt to break up the altercation between Plaintiff and Dooley. Defs.' Mot. Summ. J. at 12 (ECF No. 93). They argue Kidwell pepper sprayed both Plaintiff and Dooley, as evidenced in photographs showing that Dooley "had the remnants of orange [pepper] spray in her hair." *Id*. In response, Plaintiff argues that Kidwell unnecessarily used pepper spray only against her, and only after Dooley, the initial aggressor, was removed from the shower stall and handcuffed. Compl. at 4-5; Spooner Decl. Ex. 1 at 10; Pl.'s Resp. in Opp'n at 12-13. Plaintiff claims the orange substance in Dooley's hair is VO5 shampoo, not pepper spray. Pl.'s Resp. in Opp'n at 12. Plaintiff concedes, however, officers responded to the altercation and at least one order to "stop fighting" was given prior to Kidwell deploying pepper spray. *Id*. at 4. Defendants contend that, even if Dooley was the initial aggressor as Plaintiff claims, the record demonstrates that Kidwell deployed pepper spray to stop the fighting and not for improper purposes. Defs.' Mot. Summ. J. at 12. As to this claim, Plaintiff has raised a genuine issue of material fact as to whether Kidwell's use of pepper spray was excessive.

Defendants argue that Kidwell is nevertheless entitled to qualified immunity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). In ruling on the issue of qualified immunity, the first inquiry is whether the facts show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second inquiry asks whether

5    - OPINION AND ORDER

the constitutional right in question was "clearly established" at the time the conduct at issue occurred. *Id*. The Supreme Court clarified that although courts may apply these questions in order, courts have the discretion to end the inquiry if either question is answered affirmatively. *Pearson*, 555 U.S. at 236. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. As to an excessive force claim, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

Here, Plaintiff has presented evidence that she was not fighting, but was alone, naked in a shower stall at the time Kidwell pepper-sprayed her. Pl.'s Resp. in Opp'n at 4. She contends that order was restored prior to Kidwell entering the shower stall and pepper spraying her, and that she did so "simply to apply punishment." *Id*. Viewing this evidence in the light most favorable to Plaintiff, she has raised a triable issue of fact as to the reasonableness of Kidwell's actions sufficient to overcome qualified immunity. *See Saucier*, 533 U.S. at 202 (for a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right"); *Ramirez v. Scribner*, No. 1:04-CV-06418-OWW-DLB PC, 2008 WL 4792541 (E.D. Cal. Oct. 29, 2008), *report and recommendation adopted*, No. 1:04-CV-06418-OWW-DLB PC, 2008 WL 5377662 (E.D. Cal. Dec. 19, 2008) (officials not entitled to qualified immunity on claims of excessive force where plaintiff presented evidence that he was not threatening or attempting to attack officials, that he was pepper sprayed while attempting to speak with correctional officials, and that he was suddenly shot when he was arguing with an official). Accordingly, Defendants' motion for summary judgment is denied as to Plaintiff's excessive force claim against Kidwell.

b.  Failure to Protect

Defendants argue that Plaintiff has failed to establish the personal involvement of Blair, Moody and Kirschenman and they are entitled to summary judgment on Plaintiff's failure to protect claim. As a general rule, "liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Indeed, "state officials are not subject to suit under § 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). Accordingly, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren*, 152 F.3d at 1194.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer*, 511 U.S. at 833. A prison official's failure to protect an inmate from assault by another inmate is a violation of the Eighth Amendment if the alleged deprivation is "objectively, sufficiently serious," and the prison official acted with "deliberate indifference." *Id*. at 834. Thus, a plaintiff must show that she was "incarcerated under conditions posing a substantial risk of serious harm," and that prison officials acted with a "sufficiently culpable state of mind" – that officials knew she faced a substantial risk of serious harm and disregarded that risk by "failing to take reasonable measures to abate it." *Id*. at 834, 846.

In her deposition, Plaintiff testified that, in the three days leading up to the assault, Blair witnessed Dooley knock Plaintiff's food tray to the ground, Moody was told about the tray incident by an unidentified AIC and Kirschenman told Plaintiff she would review video footage of Dooley allegedly kicking Plaintiff in the back. *See* Spooner Decl. Ex. 1 at 4-6. These facts do not show that Defendants acted or failed to act to protect Plaintiff against a risk posed by Dooley and Plaintiff has therefore failed to establish their personal involvement. Moreover, even if these

7    - OPINION AND ORDER

allegations did establish Defendants' personal involvement, there is no evidence that Defendants were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and also drew the inference. *Farmer*, 511 U.S. at 837; *see also Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (a "substantial risk of serious harm" requires more than "a mere suspicion that the attack will occur"). Accordingly, Defendants are entitled to summary judgment as to Plaintiff's failure to protect claim.

### c. Inadequate Medical Care and Treatment

To sustain an Eighth Amendment claim based on inadequate medical care and treatment, Plaintiff must first show that she suffered from or faced an objectively "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Id*. In addition, Plaintiff must allege facts sufficient to demonstrate that Defendants acted with "deliberate indifference" to her serious medical needs. *Erickson v. Pardus*, 551 U.S. 89, 90 (2007). Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). If a prisoner alleges a delay in receiving medical treatment, the delay must have led to "significant harm" to establish deliberate indifference. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002).

Plaintiff alleges she was denied medical care after she was physically and sexually assaulted by Dooley. Compl. at 5-6. Defendants argue they provided adequate medical treatment after Plaintiff's physical assault, and that Plaintiff failed to report that she had been sexually assaulted for more than a month. Defs.' Mot. Summ. J.at 14-15. Medical records show that Plaintiff saw medical staff within an hour of the assault on October 12, 2016. Hannon Decl. Ex. 1 at 25

(ECF No. 99). The medical note includes that Plaintiff reported that she hit "her head on the back and front while involved in altercation on unit," that "pepper spray was deployed on unit" and Plaintiff was "given [a] shower". *Id*. Plaintiff was seen again on October 14, 2016, and noted her breast was scratched and that she was concerned she would develop fungus on her "private parts" because she "fell naked in the shower." *Id*. Plaintiff was seen again on November 9, 2016, noting she had back problems "since I was assaulted a month ago." *Id*. at 24. Plaintiff first reported that she was sexually assaulted on November 15, 2016. *Id*. at 23. The Court notes that Plaintiff's medical records show that Plaintiff was seen by medical at least twenty-six times between October 12, 2016, and March 7, 2017. *See* Hannon Decl. Ex. 1.

Based on these facts, Plaintiff cannot establish the objective or subjective elements required, and has not raised a genuine issue of material fact that her treatment "was medically unacceptable under the circumstances" or was chosen "in conscious disregard of an excessive risk" to her health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted). Accordingly, Defendants are entitled to summary judgment as to Plaintiff's inadequate medical care and treatment claim.

## CONCLUSION

For the reasons explained above, Defendants' Motion for Summary Judgment (ECF No. 93) is DENIED with respect to Plaintiff's excessive force claim against Defendant Kidwell. The motion is GRANTED in all other respects against all other named Defendants, and they are terminated from this action.

DATED this 9th day of August 2022.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge